UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re SUBPOENA TO MILLIMAN, INC.

WILLIAM JEFFREY BURNETT, and JOE H. CAMP,

Plaintiffs,

v.

CONSECO LIFE INSURANCE COMPANY, *et al.*,

Defendants.

Case No. C18-418RSL

ORDER DENYING MOTION TO COMPEL

This matter comes before the Court on "Plaintiffs' Motion to Compel Production of Milliman Appraisal Documents." Dkt. # 1. The Court has reviewed the motion, the parties' memoranda, the attached exhibits, and the remainder of the record.[1] For the following reasons, the motion is DENIED.

## I. BACKGROUND

This motion concerns plaintiffs' attempts to obtain documents involved in another case they are litigating before Judge Richard L. Young of the United States District Court for the Southern District of Indiana. See Burnett v. Conseco Life Ins. Co., Case No. C18-200RLY (S.D.

---

[1] The Court concludes the motion can be decided on the papers submitted. Plaintiffs' request for oral argument is DENIED.

ORDER DENYING MOTION TO COMPEL - 1

Ind. Jan. 25, 2018). Plaintiffs are former life insurance policyholders who sued Conseco Life Insurance Company and its parent entities (collectively "Conseco Life"), alleging Conseco Life breached the relevant insurance contracts by increasing premiums in order to force policyholders to abandon their policies. Before the premium hikes, Conseco Life engaged Milliman, Inc. to produce an actuarial appraisal report (the "Appraisal") that plaintiffs assert contains information relevant to their claims.

Plaintiffs initially sought the Appraisal from Conseco Life, but apparently have obtained only unsatisfactorily redacted copies. See S.D. Ind. Dkt. # 118 at 9–10. For that reason, plaintiffs have pursued the Appraisal from Milliman too. In June 2014, plaintiffs served Milliman with a subpoena seeking a copy of the Appraisal, but various developments in the case delayed the subpoena's enforcement for several years. Plaintiffs filed this cause seeking to enforce the subpoena against Milliman here in the district where it is headquartered. Plaintiffs continue to seek the Appraisal from Conseco Life and have filed a similar motion to compel in the Indiana case before Judge Young. See S.D. Ind. Dkt. # 118. As of the issuance of this order, that motion remains pending. Milliman opposes plaintiffs' motion, Dkt. # 9, but has not sought to quash the subpoena or transfer this matter.[2]

## II. DISCUSSION

Federal Civil Rule 45 allows parties to serve persons with subpoenas that include a "command to produce" documents. See Fed. R. Civ. P. 45(a)(1)(A)(iii), (D). In accordance with

---

[2] Federal Civil Rule 45 provides a mechanism for transferring subpoena disputes like this "to the issuing court if the person subject to the subpoena consents." Fed. R. Civ. P. 45(f). The subpoena appears to have been issued by the United States District Court for the Northern District of California in In re Conseco Life Insurance Co. LifeTrend Insurance Sales & Marketing Litigation, Case No. MD10-2124SI (N.D. Cal. Feb. 5, 2010), but the case has since been transferred to the Southern District of Indiana before Judge Young. See Dkt. # 1 at 3 n.1. As for consent, Milliman asserts "the Southern District of Indiana . . . is where these issues should be determined," see Dkt. # 9 at 4, but has not explicitly consented to or requested that the matter be transferred there. Consent is significant given Rule 45's preference that, without a subject party's consent, subpoenas should be enforced where the subject party resides. See Europlay Capital Advisors, LLC v. Does, 323 F.R.D. 628, 629–30 (C.D. Cal. 2018). Transfer may be an option, but given these uncertainties the Court will not transfer the matter in this Order without a request from Milliman.

Rule 45, "a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c). There is no explicit rule that a party must first seek those documents from an opposing party, but courts generally "must limit the frequency or extent of discovery otherwise allowed by [the Rules] if it determines . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

Because this issue will be squarely addressed in the motion pending before Judge Young in the Indiana litigation, the Court concludes that it is more appropriate to await the issue's resolution in that case. In general, "[t]he presiding court is in th[e] best position to determine . . . underlying discovery dispute[s]," Cabell v. Zorro Prods., Inc., 294 F.R.D. 604, 607 (W.D. Wash. 2013), and Judge Young has managed the case and its substantive issues thus far. In addition, plaintiffs can obtain the material they seek from Conseco Life and deciding the issue in the underlying litigation serves the Court's duty to limit discovery that is cumulative or more conveniently obtained from some other source. See Fed. R. Civ. P. 26(b)(2)(C)(i). The Court will accordingly deny plaintiffs' motion to compel at this time given the issue's likely resolution in the Indiana case.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motion, Dkt. # 1, is DENIED, without prejudice to plaintiffs seeking relief again in this Court if it is not otherwise available.

DATED this 14th day of September, 2018.

*MrT S Lasnik*
Robert S. Lasnik
United States District Judge